USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES FOR THE MASON TENDERS            :
DISTRICT COUNCIL WELFARE FUND,            :
PENSION FUND, ANNUITY FUND AND            :
TRAINING PROGRAM FUND, JOHN J.            :      1:15-cv-6628-GHW
VIRGA, in his fiduciary capacity as Director, and :
ROBERT BANANZA, as Business Manager of the :      MEMORANDUM OPINION
MASON TENDERS DISTRICT COUNCIL OF         :             AND ORDER
GREATER NEW YORK,                         :
                                          :
                               Plaintiffs, :
                                          :
               -v -                       :
                                          :
EUSTON STREET SERVICES, INC.,             :
                                          :
                              Defendant.  :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (collectively, the "Funds"); John J. Virga in his fiduciary capacity as Director; and Robert Bonanza, as Business Manager of the Mason Tenders District Council of Greater New York (the "Union"), seek to confirm an arbitration award obtained against Euston Street Services, Inc. ("Euston") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the award is confirmed.

## I.  BACKGROUND

Pursuant to a collective bargaining agreement between Euston and the Union (the "CBA"), Euston agreed to pay benefit contributions to the Funds for all employees covered by the CBA. Declaration of Haluk Savci ("Savci Decl.") ¶¶ 7, 9–10, Dkt. No. 9. Euston further agreed that it was bound by the Funds' arbitration procedures for allegedly unpaid contributions, and that, if an arbitration award or other legal judgment for unpaid contributions was entered against it, it would pay to the Funds the unpaid contributions, interest on the unpaid contributions, "interest on the

unpaid contributions as and for liquidated damages,"[1] and reasonable attorney's fees and costs. *Id.* ¶¶ 12–13.

On February 26, 2014 and April 23, 2014, the Funds mailed to Euston a Notice of Intention to Arbitrate and an Amended Notice of Intention to Arbitrate, respectively, in connection with Euston's alleged failure to make requisite contributions to the Funds for the period of March 28, 2007 to December 28, 2010. *Id.* ¶¶ 15–16; Notice of Arbitration, Dkt. No. 12-1 at pp. 63–65. After the parties requested several adjournments, the designated arbitrator set a final hearing date for August 20, 2014. Savci Decl. ¶ 16. Euston received notice of the hearing. *Id.* ¶ 17; Opinion of Arbitrator at 1, Dkt. No. 12-1 at pp. 70–71.

At the scheduled hearing, the Funds claimed that Euston failed to pay required contributions for fringe benefits, dues, and PAC fees. Savci Decl. ¶ 17; Opinion of Arbitrator at 2. In addition to the delinquent contributions, the Funds sought interest payments, statutory damages, and arbitrator fees. Savci Decl. ¶ 17; Arbitrator and Default Award at 2. At the hearing, the Funds submitted testimony from the Funds' Collection Manager, as well as a deficiency report and payroll audit documents, in support of its claim. Savci Decl. ¶ 17; Opinion of Arbitrator at 1–2. No representative appeared at the hearing on behalf of Euston. Savci Decl. ¶ 17; Opinion of Arbitrator at 1.

On August 24, 2014, the arbitrator determined that, based on the "substantial and credible" evidence presented at the hearing, Euston owed the Funds $23,724.45 in unpaid contributions for fringe benefits, $2,001.52 in unpaid dues and PAC contributions; $3,696.08 in interest, $4,744.89 in liquidated damages under ERISA, and $500 in arbitration costs, for a total of $34,666.94. Savci Decl. ¶ 18; Opinion of Arbitrator at 2.

---

[1] The Court assumes that this phrase refers to ERISA Section 502(g)(2)(C), under which a party who obtains a judgment for unpaid benefit contributions is entitled to the greater of either the interest on the unpaid contributions or liquidated damages not to exceed 20% of the amount of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C).

On August 21, 2015, plaintiffs commenced the instant action by filing a complaint, asserting that Euston failed to make any payments on the arbitrator's award. Shortly thereafter, the Court ordered that the complaint would be treated as a petition to confirm the arbitration award, because that was the principal form of relief requested in the complaint. *See* Dkt. No. 7. Plaintiffs filed a motion to confirm the arbitration award and supporting materials on October 7, 2015, but defendant failed to appear or file an opposition, despite being properly served with the complaint and motion. On November 10, 2015, the Court cautioned that, if defendant failed to file an opposition by November 24, 2015, the motion would be treated as unopposed and decided in the ordinary course. *See* Dkt. No. 15. To date, defendant has failed to file an opposition or appear in this action.

II.     DISCUSSION

    **A. Confirmation of the Arbitration Award**

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

"Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation and internal quotation marks omitted); *see also Harry Hoffman Printing, Inc. v. Graphic Communications*

*Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitrator's award was procured through fraud or dishonesty or that any other basis for overturning the award exists. Rather, the record demonstrates that the award is based on undisputed evidence that Euston failed to make benefit contributions to the Funds in breach of the CBA. Accordingly, plaintiffs' motion is granted and the award is confirmed.

### B. Post-Judgment Interest

Plaintiffs also seek post-judgment interest at the statutory rate. 28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory, *see Cappiello v. ICD Publ'ns, Inc.,* 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases), and apply to actions to confirm arbitration awards, *see e.g., Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in action to confirm

4

arbitration award). The Court therefore awards interest to accrue from the date judgment is entered until payment is made.

### III.   CONCLUSION

For the reasons outlined above, plaintiffs' motion to confirm the arbitration award is GRANTED. The Clerk of Court is directed to enter judgment in favor of plaintiffs and against Euston in the amount of $34,666.94, plus post-judgment interest in accordance with 28 U.S.C. § 1961(a). The Clerk of Court is further directed to terminate the motion pending at Dkt. No. 11 and to close this case.

SO ORDERED.

Dated: January 5, 2016  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge